IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-00665-RPM

DAVID HELLER, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

QUOVADX, INC.
LORINE R. SWEENEY and
GARY T. SCHERPING,

       Defendants

---

## ORDER FOR CLARIFICATION OF MOTION
## FOR PRELIMINARY APPROVAL OF SETTLEMENT

---

On August 22, 2006, the Lead Plaintiff filed a motion for preliminary approval of the

Stipulation of Settlement dated April 4, 2006. A review of the motion, the Stipulation of

Settlement, and attached documents, Exhibits A-1, A-2, A-3 and B, raises questions that require

clarification before further proceedings.

    1.    The definition of the Settlement Class

On April 12, 2005, the court certified a class defined as:

All Persons who purchased Quovadx publicly traded securities **on the open
market** during the period from October 22, 2003 to March 15, 2004, with the
exception of the following: The Defendants, members of the immediate family of
each of the Defendants, any person, firm, trust, corporation, officer, director, or
other individual or entity in which any Defendant has a controlling interest or
which is related to or affiliated with any of the Defendants, and the legal
representatives, agents, affiliates, heirs, successors-in-interest or assigns of any
excluded party.  (emphasis added).

-1-

The Settlement Agreement defines "settlement class"as follows:

> "Settlement Class" means all Persons who purchased or acquired Quovadx common stock between October 22, 2003 and March 15, 2004, inclusive. Excluded from the Settlement Class are Defendants and their Related Parties. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

Stipulation of Settlement ¶ 1.21, at 8.  The motion for approval states:

> In order to facilitate the settlement of the Action, the Settling Parties agreed to settle on behalf of a Settlement Class consisting of all Persons who purchased or acquired Quovadx common stock between October 22, 2003 and March 15, 2004. As a result, those Persons who received Quovadx common stock when Quovadx acquired Rogue Wave Software during the Class Period will be included in the settlement.  In addition, the Settling Parties have expressly excluded all claims arising under §§11 and 15 of the Securities Act of 1933, including the claims that are the subject of the *Henderson v. Quovadx, Inc*. case pending in this Court.

Mot. at 2.  The broad definition of the Settlement Class raises questions regarding the role of the

Lead Plaintiff and Lead Counsel and the effect of the settlement on members of the class certified

in Civil Action No. 04-cv-1006.

> 2. <u>The authority of Lead Plaintiff and Lead Counsel to act on behalf of persons other than members of the certified class</u>

The authority of the Lead Plaintiff and Lead Counsel to negotiate a settlement or to act on

behalf of a class broader than the certified class is questionable.  David Heller was appointed Lead

Plaintiff on September 8, 2004.  On September 29, 2004, the court approved the Lead Plaintiff's

selection of counsel, recognizing the appearances of Jeffrey W. Lawrence, Dennis J. Herman and

Ex Kano S. Sams II from the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins.

A related class action, Civil Action No. 04-cv-1006, seeks recovery under Sections 11 and 15 of the Securities Act of 1933 for misleading statements and omissions in the Registration Statement that Quovadx filed with the SEC in connection with the Rogue Wave exchange offer. The Specialty Situations Funds were appointed Lead Plaintiffs in that action on June 29, 2005. On August 1, 2005, the court approved their choice of lead counsel, recognizing the appearances of Lawrence Rolnick, Gavin J. Rooney, and Marc B. Kramer as attorneys for the proposed class. On November 10, 2005, a class was certified comprised of "all persons and entities, other than Defendants, who acquired Quovadx common stock in connection with Quovadx's exchange offer for all of the outstanding shares of Rogue Wave Software, Inc. which became effective on or about December 19, 2003."

There is no authority for counsel in this civil action to represent members of the class certified in Civil Action No. 04-cv-1006.

3.    The effect of the Stipulation of Settlement on members of the class certified in Civil Action No. 04-cv-1006

The definition of the Settlement Class and the exclusion of the 1933 Act claims asserted in Civil Action No. 04-cv-1006 present a quandary for those who acquired Quovadx shares in the Rogue Wave exchange.  If they participate in the settlement fund, what is the effect on their claims for recovery as members of the class in Civil Action No. 04-cv-1006?

4.    Role of the Lerach firm

Paragraph 16 of the Notice contains the following question and answer:

Q:      Do I have a lawyer in this case?

A:      The Court asked the law firm of Lerach Coughlin Stoia Geller & Robbins

LLP to represent you and other Settlement Class Members.

Notice at 9.  This statement is inaccurate and misleading.  The court has not "asked the *Lerach*

*firm*" to represent anybody.  As set forth above, the court has approved the Lead Plaintiff's

selection of individual lawyers to represent the Lead Plaintiff.  The Lead Plaintiff has

representative capacity only with respect to the unnamed members of the certified class.  There is

no attorney and client relationship between the lawyers in the Lerach firm and the members of the

class in Civil Action No. 04-cv-1006.  They are represented by the Lead Counsel in Civil Action

No. 04-cv-1006.

5.      Undisclosed Supplemental Agreement

Paragraph 7.6 of the Settlement Agreement refers to a Supplemental Agreement which has

not been disclosed to the court.  Why not?  If confidentiality is a concern, the Supplemental

agreement may be filed under seal.

This order is being served upon counsel in both Civil Action No. 04-cv-665 and Civil

Action No. 04-cv-1006.  Counsel in Civil Action No. 04-cv-665 are directed to respond to the

questions posed above.  The court also invites comments from Lead Counsel in Civil Action No.

04-cv-1006.

Based on the foregoing, it is

ORDERED that responses to this order shall be submitted in writing on or before October 6, 2006.

Dated:  September 6, 2006

BY THE COURT:

s/ Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge