FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2006

GREGORY C. LANGHAM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00665-RPM

DAVID HELLER, On Behalf of Himself and All Others Similarly Situated,

    Plaintiff,

v.

QUOVADX, INC.,
LORINE R. SWEENEY and
GARY T. SCHERPING,

    Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the Court entitled *Heller v. Quovadx, Inc., et al.*, Civil Action No. 04-cv-00665-RPM (the "Action");

WHEREAS, the Court has received the Second Amended Stipulation of Settlement dated as of November 20, 2006 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on February 23, 2007, at 1:30 p.m., Mountain Time, at the Byron White United States Courthouse, 1823 Stout Street, Denver Colorado, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; and whether the proposed Plan of Allocation should be approved. In the event that the Court

approves the Settlement and the Plan of Allocation, the Court will then set a further hearing to determine the amount of fees and expenses that should be awarded to Lead Counsel (the "Fee Hearing"). The Court may adjourn the Settlement Hearing or the Fee Hearing without further notice to Members of the Class.

3.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.  Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of RG/2 Claims Administration LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than December 15, 2006 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than December 15, 2006, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased Quovadx publicly traded securities on the open market during the period from October 22, 2003 through March 15, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Quovadx securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

9. Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Action should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before January 29, 2007, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego, California 92101; Wheeler Trigg Kennedy LLP, Hugh Q. Gottschalk, 1801 California Street, Suite 3600, Denver, CO 80202; and Rothgerber Johnson & Lyons LLP, Frederick J. Baumann, 1200 17th Street, Suite 3000, Denver, Colorado 80202, and filed said objections, papers and briefs with the

Clerk of the United States District Court for the District of Colorado, on or before January 29, 2007. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

13. Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

14. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel shall be approved. In the event that the Court approves the Settlement and the Plan of Allocation, it will then set a separate Fee Hearing to consider any application for attorneys' fees and reimbursement of expenses.

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the

settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Settlement Hearing or the Fee Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: November 20, 2006

THE HONORABLE RICHARD P. MATSCH
UNITED STATES DISTRICT JUDGE

Submitted by:

JEFFREY W. LAWRENCE
DENNIS J. HERMAN
EX KANO S. SAMS II
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP


s/ Jeffrey W. Lawrence
JEFFREY W. LAWRENCE

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
Email: jeffreyl@lerachlaw.com
Email: dherman@lerachlaw.com
Email: exkanos@lerachlaw.com

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOY ANN BULL
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
Email: joyb@lerachlaw.com

Lead Counsel for Plaintiffs

S:\Settlement\Quovadx.set\EA-00036920.doc