IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-00665-RPM

DAVID HELLER, individually and on behalf of all others similarly situated,

  Plaintiff,

v.

QUOVADX, INC.,
LORINE R. SWEENEY and
GARY T. SCHERPING,

  Defendants.

## ORDERS ON MOTIONS BY WILLIAM S. KARN

  Pursuant to the order dated November 20, 2006, the court preliminarily approved the Second Amended Stipulation of Settlement and directed the manner of notice to class members. A hearing to determine whether the settlement is fair, reasonable, and adequate is scheduled to be held on February 23, 2007, at 1:30 p.m. On December 28, 2006, the court received an objection to the settlement filed electronically by Mr. William S. Karn, a Quovadx shareholder. That objection will be considered in connection with the issues to be determined at the settlement hearing. Objecting shareholders may appear at the hearing and voice their objections.

  On January 5, 2007, Mr. Karn filed electronically a document entitled "Motion For Admission Of Appearance Of Objecting Share Owner and Motion for Hearing on Alleged Title 15 USC § 1 Violation and Motion For Ruling On Constitutionality Of Class Action." On January 8,

2007, Mr. Karn filed electronically a document entitled "Motion For Allowance Of HTML Format Filing By Objecting Share Owner."

Mr. Karn's "Motion for Allowance of HTML Format Filing" asks that he be allowed to file documents in this action by posting such filings to a personal website and providing email notification of such posting. He requests that this court direct that all future filings by any party be made in that manner. Mr. Karn makes the same request in his "Motion for Admission of Appearance." These motions are denied. All filings must comply with the Local Rules of Practice for the United States District Court for the District of Colorado, and electronic filings should be made in accordance with the Electronic Case Filing Procedures. ECF Procedure III.B.2 specifically addresses filings by persons appearing *pro se*. There is no authority for permitting a different electronic filing system in this case.

Mr. Karn's "Motion for Hearing on Alleged Title 15 USC § 1 Violation" requests that the claims in this action include a claim for violation of 15 U.S.C. § 1. This motion is denied. Mr. David Heller has been appointed the lead plaintiff in this class action, and the class claims are those set forth in the First Amended Class Action Complaint filed June 10, 2004. The procedures to be followed by Quovadx shareholders who wish to maintain the right to pursue claims against the defendants are set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to class members.

Mr. Karn's "Motion for Ruling on Constitutionality of Class Action" argues that the availability of Internet communication renders the procedures established under Rule 23 unconstitutional, and that a corporation should have no financial liability for illegal acts of its agents. This motion is denied. The availability of Internet communication does not undermine

the purposes of Rule 23 and has no bearing on its constitutionality. Mr. Karn's concerns about corporate liability are entirely separate from and raise no issue about the constitutionality of class action procedures.

Based on the foregoing, it is

ORDERED that the Motion For Admission Of Appearance Of Objecting Share Owner filed by William S. Karn is denied; and it is

FURTHER ORDERED that Mr. Karn's Motion for Hearing on Alleged Title 15 USC § 1 Violation is denied; and it is

FURTHER ORDERED that Mr. Karn's Motion For Ruling On Constitutionality Of Class Action is denied, and it is

FURTHER ORDERED that Mr. Karn's Motion for Allowance of HTML Format Filing is denied.

Dated: January 10, 2007

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge